IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ESTER TORRES | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:15-cv-44 |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY | § | |
|     Defendant | § | |

## NOTICE OF REMOVAL

Defendant, Travelers Lloyds of Texas Insurance Company ("Travelers") through undersigned counsel and pursuant to 28 U.S.C §§ 1441 and 1446, files this Notice of Removal of the action captioned as follows: *Ester Torres v. Travelers Lloyds of Texas Insurance Company,* Cause No. 2015-CVF-000107-D3, 341st Judicial District Court of Webb County, Texas. In support of this Notice of Removal, Travelers respectfully represents the following:

1. Plaintiff Ester Torres ("Plaintiff") commenced the state-court action against Travelers on or about January 13, 2015, by filing Plaintiff's Original Petition (the "Petition") in the 341st Judicial District Court of Webb County, Texas. Travelers was served with the summons and a copy of the complaint on February 2, 2015.

2. A copy of all process, pleadings, and orders in the state-court action is filed with this Notice of Removal.

3. The Petition avers that Plaintiff is a resident citizen of Webb County, Texas.[1]

4. The Petition does not include an allegation of Travelers' citizenship, but states that Travelers is a "company engaged in the business of adjusting insurance claims."[2] Travelers is an unincorporated association of 12 underwriters, all of whom reside outside of Texas and are

---

[1] Pet. at ¶ 3.
[2] *Id.* at ¶ 4.

citizens of a state other than Texas – the domiciliary state for the underwriters is Connecticut. For diversity purposes, the citizenship of an unincorporated association is determined by the citizenship of each member of the entity.[3] The members of a Lloyds plan are the underwriters alone.[4] Because each of the underwriters is a citizen of a state other than Texas, Travelers is not a Texas citizen.[5]

5. The Petition alleges that Plaintiff owns property located at 2110 Montgomery Street, Laredo, Texas (the "Property") that was insured by an insurance policy issued by Travelers.[6]

6. The Petition alleges that "[o]n or around May 9, 2014, the Property suffered incredible damages due to storm related conditions."[7]

7. The Petition further alleges that Plaintiff subsequently filed a claim on her insurance policy and that Travelers continually "failed and refused to pay Plaintiff in accordance with its promises under the Policy" and that Travelers "failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner…"[8] Plaintiff asserts causes of action sounding in negligence, breach of contract, misrepresentation, fraud, breach of the common law duty of good faith and fair dealing, and violation of the Texas Deceptive Trade Practices Act and the Texas Insurance Code.

---

[3] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-95 (1990).
[4] *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyds Ins. Co.*, 993 F.Supp. 568, 570 (S.D. Tex. 1998) ("In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.").
[5] *Massey*, 993 F.Supp. at 570 ("Because no member of State Farm Lloyds is a Texas resident, complete diversity exists between the parties to this action, and this Court has federal diversity jurisdiction under 28 U.S.C. § 1332."); *Rappaport v. State Farm Lloyds*, 1998 WL 249211 (N.D. Tex. 1998) ("Because the Court finds that State Farm Lloyds is an unincorporated association whose members are completely diverse with Plaintiff, Plaintiff's Motion to Remand is DENIED.").
[6] Pet. at ¶¶ 5-7.
[7] *Id.* at ¶ 8.
[8] *Id.* at ¶¶ 10-12.

8. Plaintiff does not allege an amount in controversy or maximum amount of damages sought in her Petition as required by Texas Rule of Civil Procedure 47. However, Plaintiff sent Travelers a Texas Deceptive Trade Practices Act demand letter dated October 10, 2014 (the "Demand Letter") demanding Travelers pay her $180,684.24 in damages. A true and correct copy of the Demand Letter is attached to this Notice of Removal as Exhibit A.

9. Travelers was served with the Petition on February 2, 2015. This Notice of Removal is filed within 30 days of service of the Petition and is therefore timely under 28 U.S.C. § 1446 (b).

10. Travelers denies the underlying facts as alleged by Plaintiff or as summarized in this Notice. Travelers expressly denies that it has any liability to Plaintiff.

## DIVERSITY JURISDICTION

11. This Court has original jurisdiction pursuant to 28 U.S.C § 1332 (a), and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441 (a), because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff is a citizen of Texas, Travelers is domiciled in and maintains its principal place of business in Connecticut.

12. The amount in controversy exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332 (a). While Plaintiff does not state in her Petition the specific amount of monetary relief she seeks, her Demand Letter to Travelers seeks damages in the amount of $180,684.24. Plaintiff also seeks penalties, costs, expenses, pre-judgment interest, and attorneys' fees.[9] Attorneys' fees and penalties may be included as part of the amount in controversy for jurisdictional purposes. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000).

---

[9] *Id.* at ¶¶ 69-71.

13. Further, Plaintiffs in Texas are not limited to recovery of damages requested in their pleadings. "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints…"[10] "The general principle is that Plaintiff will have to show that they are bound irrevocably by their state pleadings."[11]

14. No binding stipulation or affidavit was filed with the Petition.

## REMOVAL PROCEDURE

15. Travelers has provided the clerk of the 341st Judicial District Court of Webb County, Texas with notice of this removal.

16. Pursuant to Local Rule 81, copies of the following documents are hereby provided to the clerk of this Court for filing in connection with this Notice of Removal:

    a. Index of matters being filed;

    b. The state-court file, including all executed process, pleadings and exhibits, and state-court orders;

    c. A list of all parties and their counsel of record; and

    d. Notice of Removal to State Court.

WHEREFORE, Travelers hereby provides notice that this action is duly removed.

                                Respectfully submitted,

                                */s/ Martin R. Sadler*_____
                                Martin R. Sadler
                                msadler@lawla.com
                                Texas Bar No. 00788842
                                LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
                                  A LAW CORPORATION
                                815 Walker Street, Suite 1447
                                Houston, Texas 77002
                                Telephone:  (713) 222-1990

---

[10] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).
[11] *Id.* at 1412, n. 10.

Facsimile: (713) 222-1996

ATTORNEY-IN-CHARGE FOR DEFENDANT, TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY

Of Counsel

B. Joe M. Wearmouth
Texas Bar No. 24088614
Federal ID No. 2210690
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
    A LAW CORPORATION
815 Walker Street, Suite 1447
Houston, Texas 77002
Telephone: (713) 222-1990
Facsimile: (713) 222-1996
jwearmouth@lawla.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded by Electronic service on this the 4th day of March, 2015 to:

    Bill L. Voss
    Scott G. Hunziker
    Clayton Hardin
    The Voss Law Firm
    26619 Interstate 45 South
    The Woodlands, Texas 77380

                            */s/ Martin R. Sadler*
                            Martin R. Sadler