Filed
1/13/2015 12:15:07 PM
Esther Degollado
District Clerk
Webb District
2015CVF000107 D3

CAUSE NO. 2015CVF000107D3

| | | |
|---|---|---|
| ESTER TORRES,<br>**Plaintiff,** | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| **vs.** | §<br>§ | WEBB COUNTY, TEXAS |
| TRAVELERS LLOYDS<br>OF TEXAS INSURANCE COMPANY,<br>**Defendant.** | §<br>§<br>§ | 341st<br>___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Ester Torres** (hereinafter "Plaintiff"), and complains of Travelers Lloyds of Texas Insurance Company (hereinafter "Defendant"). In support of her claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.    Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Laredo, in Webb County, Texas.

### PARTIES

3.    Plaintiff, Ester Torres, is an individual whose residence is located in Laredo, Webb County, Texas.

---

4.      Defendant, Travelers Lloyds of Texas Insurance Company, is a company engaged in the business of adjusting insurance claims. This includes Plaintiff's insurance policy which is at issue in the present case. Defendant may be served with Citation and a copy of this Petition, by serving it through its agent, Corporation Service Company, at its principal address, 211 East 7th Street Suite 620, Austin, TX 78701-3218, or wherever it may be found.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 2110 Montgomery Street, Laredo, TX 78043, (hereinafter "the Property"). In addition to seeking economic and penalty based damages from Defendant, Plaintiff also seeks compensation from Defendant for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Defendant to cover the Property at issue in this case for a loss due to storm-related events.    Plaintiff's Property suffered storm-related damage. Through her residential policy, 975221513676-1, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around May 9, 2014, the Property suffered incredible damage due to storm related conditions.

9.      In the aftermath, Plaintiff relied on Defendant to help begin the rebuilding process.  By and through her residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10.    Pursuant to her obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion.   Moreover, her residential policy covered Plaintiff during the time period in question.

11.    Despite Plaintiff's efforts, Defendant continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.    Moreover, Defendant has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.    In the months following, Plaintiff provided information to Defendant, as well as provided opportunities for Defendant to inspect the Property.   However, Defendant failed to conduct a fair investigation into the damage to the Property.   Moreover, Defendant failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.    Despite Defendant's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Defendant.   Further, Plaintiff made inquiries regarding the status of the losses, and payments.   Regardless, Defendant failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.  As a result, to this date, Plaintiff has not received proper payment for her claim, even though notification was provided.

15.    Defendant has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.  Defendant has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made.

Defendant did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.   Defendant has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant in a timely manner.

17.   Defendant has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Defendant that failed to conduct a reasonable investigation.   Ultimately, Defendant performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.   Defendant has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.   As a result of the above issues, Plaintiff did not receive the coverage for which she had originally contracted with Defendant.   Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.   In addition, Defendant has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.   As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.   All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.    All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendant and/or were completed in its normal and routine course and scope of employment with Defendant.

## CLAIMS AGAINST DEFENDANT

23.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24.    Defendant had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property.    Defendant breached this duty in a number of ways, including but not limited to the following:

      a.      Defendant was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;

      b.      Defendant had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or

      c.      Defendant failed to properly complete all adjusting activities associated with Plaintiff.

25.    Defendant's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

### B.
### BREACH OF CONTRACT

26.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

---

PLAINTIFF ESTER TORRES' ORIGINAL PETITION                               Page 5

27.     According to the policy that Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29.     Despite objective evidence of such damages, Defendant has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses.  As a result of this breach, Plaintiff has suffered actual and consequential damages.

### C.
### VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT AND TIE-IN-STATUTES

30.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31.     Defendant's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code.  Defendant collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    a.     Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    b.     Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

    c.     Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into

which the consumer would not have entered had such information been disclosed;

d.   Using or employing an act or practice in violation of the Texas Insurance Code;

e.   Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

f.   Failure to properly investigate Plaintiff's claim; and/or

g.   Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Defendant in low-balling and/or denying Plaintiff's damage claim.

32.   As described in this Original Petition, Defendant represented to Plaintiff that her insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

33.   As described in this Original Petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.   By representing that Defendant would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Defendant has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.   Defendant has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.   This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.     Defendant's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.     Defendant's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Defendant to her detriment.  As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.     Because Defendant's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendant having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendant having intentionally committed such conduct.

40.     As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her

costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show herself to be justly entitled at law and in equity.

**D.**
**VIOLATIONS OF TEXAS INSURANCE CODE**

41.    Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.    Defendant's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).    Specifically, Defendant engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.    Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.    Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.    Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f.    Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.     Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Defendant, and Plaintiff relied upon these unfair or deceptive acts or practices by Defendant to her detriment.  Accordingly, Defendant became the insurer of Plaintiff.

44.     As a direct and proximate result of Defendant's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which she now sues.

45.     Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly committed such conduct.  Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendant having intentionally committed such conduct.

46.     As a result of Defendant's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show herself justly entitled by law and in equity.

**E.**
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

47.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48.     By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.     Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Defendant knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Defendant is a proximate cause of Plaintiff's damages.

**F.**
## BREACH OF FIDUCIARY DUTY

50.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51.     Defendant had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff.  As a result, Defendant owed a duty of good faith and fair dealing to Plaintiff.  Defendant breached that fiduciary in that:

a.      The transaction was not fair and equitable to Plaintiff;

b.      Defendant did not make reasonable use of the confidence that Plaintiff placed upon it;

c.   Defendant did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

d.   Defendant did not place the interests of Plaintiff before its own, and Defendant used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

e.   Defendant placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

f.   Defendant did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52.   Defendant is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Defendant's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53.   Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54.   Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.   Such violations include, without limitation, all the conduct described in this Original Petition, plus Defendant's failure to properly investigate Plaintiff's claim.  Plaintiff also includes Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Defendant's failure to pay for the proper repair of Plaintiff's Property, as to which Defendant's liability had become reasonably clear.

56.   Additional violations include Defendant's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims.  Plaintiff further includes

Defendant's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Defendant's misrepresentations of coverage under the subject insurance policy. Specifically, Defendant is also guilty of the following unfair insurance practices:

    a.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    b.    Engaging in unfair claims settlement practices;

    c.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    d.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims as to which Defendant's liability had become reasonably clear;

    e.    Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

    f.    Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

    g.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.    Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

58.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59.     Defendant is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Defendant did not inform Plaintiff of certain exclusions in the policy.  Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to her detriment.  As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees.  Defendant is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61.     Plaintiff would show that Defendant perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in her injuries and damages. Alternatively, Defendant fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff,  Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.     By reason of Plaintiff's reliance on Defendant fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which she now sues.

64.     Plaintiff further alleges that because Defendant knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Defendant, and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiff will show that she has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiff requests that penalty damages be awarded against Defendant in a sum in excess of the minimum jurisdictional limits of this Court.

### WAIVER AND ESTOPPEL

67.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

68.     Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

### DAMAGES

69.     Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

### ADDITIONAL DAMAGES & PENALTIES

70.     Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

71.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

72.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

73.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

74.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

1.     Please produce Defendant's complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2.     Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3.     Please produce certified copy of the insurance policy pertaining to the claim involved in this suit.

4.     Please produce the electronic diary, including the electronic and paper notes made by Defendant's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

5.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7.     Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

8.     Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

9.     Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Defendant intend to offer these items into evidence at trial.

## INTERROGATORIES

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

1.     Please identify any person Defendant expect to call to testify at the time of trial.

2.     Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.     If Defendant or Defendant's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Defendant or any of Defendant's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.     Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Defendant's investigation.

5.     Please state the following concerning notice of claim and timing of payment:

a.     The date and manner in which Defendant received notice of the claim;
b.     The date and manner in which Defendant acknowledged receipt of the claim;
c.     The date and manner in which Defendant commenced investigation of

---

the claim;

    d.    The date and manner in which Defendant requested from the claimant all items, statements, and forms that Defendant reasonably believed, at the time, would be required from the claimant; and

    e.    The date and manner in which Defendant notified the claimant in writing of the acceptance or rejection of the claim.

6.    Please identify by date, amount and reason, the insurance proceed payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.    Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.    When was the date Defendant anticipated litigation?

9.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Defendant's document retention policy.

10.    Does Defendant contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11.    Does Defendant contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12.    Does Defendant contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

13.    How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State the following:

    a.    what performance measures are used; and

    b.    describe Defendant's bonus or incentive plan for adjusters.

## CONCLUSION

76.    Plaintiff prays that judgment be entered against Defendant, and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs

and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of Defendant, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

/s/  *Clayton Hardin*
Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
Texas Bar No. 24032446
Clayton Hardin
Texas Bar No. 24090144
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com
clayton@vosslawfirm.com

*ATTORNEYS FOR PLAINTIFF*



**HONORABLE BECKIE PALOMO**
**State District Court Judge**
341st JUDICIAL DISTRICT OF TEXAS
WEBB COUNTY JUSTICE CENTER
1110 Victoria Street, Suite 302
Laredo, Texas 78040-4439


# CIVIL CASE – CALENDAR CALL SETTINGS

RE: CAUSE NO:   <u>2015CVF000107 D3</u>

STYLE:   <u>ESTER TORRES</u>

VS

<u>TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY</u>

**NOTICE** that this case IS **SET FOR CALENDAR CALL** on   <u>04/07/2015</u>   ,
at <u>1:30 PM</u> at the 341st District Courtroom, 3rd Floor, Webb County Justice Center.

Calendar Call hearings will be in open Court and on the record before **JUDGE BECKIE PALOMO**.
Your presence is **MANDATORY** unless Counsel for Plaintiff(s) file a Joint Pre-Trial Guideline Order
(PTGO) with all counsels signatures on the PTGO.

 You may download the PTGO at our website:
**http://www.webbcountytx.gov/DC341st/Links/civ_Jury%20PTGO.pdf**

<u>Counsel for Plaintiff(s)</u>: if you do not appear for calendar call, your case may be dismissed for lack of prosecution.

<u>Counsel for Defendant(s)</u>: if you do not appear for calendar call, a pre-trial guideline order may be
entered with or without your approval and/or signature.

Call the court for jury selection dates and pre-trial hearing dates. Keep in mind jury selection must be set
within the timeframes recommended by the Texas Supreme Court.

If there are any questions regarding this matter please feel free to call the court at the number below.


*Magdalena Martinez*
Magdalena Martinez
Civil Court Coordinator
(956)523-4328

DC:



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7014 2870 0000 5387 7069





**DMV Consulting**
**26619 Interstate 45 South**
**The Woodlands, Texas 77380**

Travelers Lloyds of Texas Ins. Co.
c/o Corporation Service Company
211 East 7th Street, Suite 620
Austin, TX 78701

SERVE
2015CVF000107 D3

## CITATION

THE STATE OF TEXAS                          COURT DATE 04/07/2015@1:30PM
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.
IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO
ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION
OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT
JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY BY SERVING ITS AGENT:
      211 EAST 7TH STREET STE 620
      AUSTIN,   TX 78701

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY
COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas,
to be held at the said courthouse of said county in the city of Laredo, Webb
County, Texas, by filing a written answer to the Petition of Plaintiff at or
before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days
after the date of service thereof, a copy of which accompanies this citation,
in the Cause #: 2015CVF000107 D3 , styled:
      ESTER TORRES, PLAINTIFF
      VS.
      TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY, DEFENDANT
Said Plaintiff's Petition was filed on 01/13/2015 in said court by:
      BILL L VOSS, ATTORNEY FOR PLAINTIFF
      26619 INTERSTATE 45 SOUTH
      THE WOODLANDS,   TX 77380

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and
given under my hand and seal of said court at office, this 16 day of January,
2015.

C   L   E   R   K       O   F       C   O   U   R   T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY _____ DEPUTY
        ESMERALDA ALVARADO

2015CVF000107 D3

## OFFICER'S RETURN

Came to hand on the __28__ day of __January__, 2015 at

__9__ O'CLOCK __A__.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK ____.M. on

the _____ day of _____, 2015, by delivering to the within named
**TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY**, each, in person, a true copy of
this citation together with the accompanying copy of the petition, having
first attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was _____
miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.


_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                                   DEPUTY

THE STATE OF TEXAS }
COUNTY OF WEBB     }

Before me, the undersigned authority, on this day personally appeared
_____, who after being duly sworn, upon oath said
that a notice, of which the above is a true copy, was by him/her delivered
to _____ on the _____ day of
_____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


_____
                        NOTARY PUBLIC
MY COMMISSION EXPIRES _____



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

TMM / ALL
**Transmittal Number: 13426342**
**Date Processed: 02/03/2015**

| | |
|---|---|
| Primary Contact: | Pamela Hoff<br>The Travelers Companies, Inc.<br>385 Washington Street,  MC 515A<br>Saint Paul, MN 55102 |

| | |
|---|---|
| Entity: | Travelers Lloyds of Texas Insurance Company<br>Entity ID Number  2379977 |
| Entity Served: | Travelers Lloyds of Texas Insurance Company |
| Title of Action: | Ester Torres vs. Travelers Lloyds of Texas Insurance Company |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Webb County District Court, Texas |
| Case/Reference No: | 2015CVF000107D3 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 02/02/2015 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Clayton Hardin<br>713-861-0015 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

Filed
3/3/2015 12:24:34 PM
Esther Degollado
District Clerk
Webb District
2015CVF000107 D3

Cause No. 2015-CVF-000107-D3

| | | |
|---|---|---|
| ESTER TORRES | § | IN THE DISTRICT COURT OF |
|    Plaintiff | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY | § | |
|    Defendant | § | 341ST JUDICIAL DISTRICT |

### TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY'S
### ORIGINAL ANSWER, SPECIAL EXCEPTIONS, AND DEFENSES

Travelers Lloyds of Texas Insurance Company ("Travelers"), files this Original Answer, Special Exceptions, and Defenses pursuant to Texas Rules of Civil Procedure 91, 92, 93 and 94. In support of this Answer shows the following:

### I.
### GENERAL DENIAL

Pursuant to Tex. R. Civ. P. 92, Travelers generally denies the material allegations contained in Plaintiff's Original Petition (the "Petition"), including any supplementation or amendments, and demands strict proof by a preponderance of the evidence on all of Plaintiff's claims, if Plaintiff can do so.

### II.
### DISCOVERY PLAN:  LEVEL TWO

The guidelines and constraints of Level Two classification under the Texas Rules of Civil Procedure 190 and any docket control order issued by the Court are proper and controlling for this lawsuit.  Plaintiff asserts in her Petition that discovery is to be conducted under Level Three. Plaintiff's designation of Level Three is not automatic.  The commentary to Texas Rule of Civil Procedure 190.6 provides:

> The initial pleading required by Rule 190.1 is merely to notify the court and other parties of the plaintiff's intention; it does not determine the applicable discovery level or bind the court or other parties.

Plaintiff's statement in the initial paragraph of the Petition that the case is to be governed by Level Three does not make Level Three applicable, as a case can be in Level Three only by court order.

This case is not complex, nor does it require extensive discovery.  This lawsuit simply involves allegations that Plaintiff is entitled to benefits under the insurance policy at issue (the "Policy").  The case is not appropriate for a Level Three designation, and Travelers opposes Plaintiff's attempt to have the Court designate it as such.

### III.
### SPECIAL EXCEPTIONS

### FIRST SPECIAL EXCEPTION
### Failure to Perform Conditions Precedent

To the extent a policy exists that provides coverage to Plaintiff, Plaintiff's claims are barred in whole or in part because Plaintiff failed to comply with all conditions precedent to any right to recover under the insurance policy.  Plaintiff failed to prove that the alleged loss was a covered loss, and failed to segregate the portion of the alleged loss that was covered from uncovered losses.

### SECOND SPECIAL EXCEPTION
### Plaintiff's Breach of Contract Claim

Travelers specially excepts to the breach of contract cause of action in the Petition in which Plaintiff vaguely and generally alleges that Travelers breached a contract of insurance. This vague and indefinite breach of contract claim fails to provide: (1) fair notice of the elements and facts of the loss allegedly sustained by Plaintiff; (2) fair notice of facts showing Plaintiff's

alleged loss was covered under the terms of the insurance contract at issue; or (3) fair notice of the acts or omissions by Travelers that amount to a breach of its contractual obligations, if any, to Plaintiff.[1]

The basic elements of a cause of action for breach of contract are: (1) there is a valid enforceable contract; (2) plaintiff performed its contractual obligations; (3) defendant committed a material breach of the contract; and (4) defendant's breach caused the injury for which plaintiffs seek damages. Plaintiff should be required to amend the breach of contract claim and state with particularity: (1) the facts and elements supporting its alleged loss; (2) the facts demonstrating the portion of the losses covered by the contract of insurance in question; (3) the acts or omissions by Travelers that allegedly amounted to a breach of the contract, if any; and (4) the maximum amount of damages sought by Plaintiff for the alleged breach. Plaintiff should further be required to plead such facts as are necessary to identify the date(s) the causes of action accrued.

### THIRD SPECIAL EXCEPTION
### Plaintiff's Claim for Breach of Duty of Good Faith and Fair Dealing

Travelers specially excepts to Plaintiff's Petition to the extent it includes a claim for breach of the duty of good faith and fair dealing because Plaintiff failed to plead all of the elements of this cause of action. The elements for common law bad faith claims are as follows: (1) there was an insurance contract between the plaintiff (insured) and the defendant (insurer) that created a duty of good faith and fair dealing; and (2) defendant breached its duty when it:

      a.      denied or delayed payment when liability was reasonably clear, or

      b.      canceled an insurance policy without a reasonable basis; and

---

[1] *Subia v. Texas Dept. Of Human Serv.*, 750 S.W.2d 827, 829 (Tex. App. – El Paso 1988, no writ) (trial court can order the Plaintiff to specifically plead a cause of action which is originally pled in general terms).

     c.      defendant's breach was the proximate cause of plaintiff's damages.[2]

To the extent Plaintiff intended to include a claim for breach of the duty of good faith and fair dealing, Plaintiff failed to give Travelers fair notice of the elements, facts, and circumstances supporting the bad faith claim.  Plaintiff should be required to file an amended pleading that sets forth the elements, facts, and evidence in support of Plaintiff's claim for breach of the duty of good faith and fair dealing, and all related damages.[3]

### FOURTH SPECIAL EXCEPTION
### Plaintiff's Claim for Noncompliance with Texas Insurance Code and DTPA

Travelers specially excepts to the causes of action in the Petition for noncompliance with the Texas Insurance Code and DTPA, because Plaintiff's claims regarding Travelers' alleged Insurance Code and DTPA violations are deficient.  The elements of a cause of action for violation of Chapter 541 of the Texas Insurance Code are: (1) plaintiff is a "person" as defined by Texas Insurance Code Section 541.002(2); (2) defendants' acts or practices violated a section of the Texas Insurance Code, violated section 17.46(b) of the Texas Business and Commerce Code, or a tie-in provision of the Business & Commerce Code; and (3) defendants' alleged acts or practices were a producing cause of actual damage to plaintiff.[4]  To the extent Plaintiff intended to include a claim for breach of the DTPA and Chapter 541 of the Texas Insurance Code, Plaintiff fails to give fair notice of the facts and circumstances supporting the alleged

---

[2] *See State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998); *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50-51 (Tex. 1997) (elements 1-2); *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 284 (Tex. 1994) (elements 1-2); *Arnold v. National Cty. Mut. Fire Ins. Co.*, 725 S.W. 2d 164, 167 *(Tex. 1987); *See also Aranda v. Insurance Co. of N. Am.*, 748 S.W. 2d 210, 212-12 (Tex. 1988).
[3] *See Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983) (special exceptions are the proper vehicles to question the legal sufficiency of a cause of action in Plaintiff's petition); *Mosely v. Hernandez*, 797 S.W.2d 240, 242 (Tex. App. – Corpus Christi 1990, no writ); and *Spencer v. City of Seagoville*, 700 S.W.2d 953, 957 (Tex. App. – Dallas 1985, no writ) (if the plaintiff does not plead all of the elements of its causes of action, a Defendant may file special exceptions to require plaintiff to plead specifically).
[4] TEX. INS. CODE Art. 21.21, section 2(a), 16; TEX. BUS. & COM. Code section 17.46(b); *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 383 (Tex. 1999); *Celtic Life Ins. Co. v. Coats*, 885 S.W.2d 96, 99 (Tex. 1994); *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 147 (Tex. 1994).

violation(s).  Plaintiff should be required to file an amended pleading that sets forth facts in support of Plaintiff's claim for Travelers' alleged violations of the DTPA and Section 541 of the Texas Insurance Code, and the damage claimed from such violations.

Travelers further specially excepts to the causes of action in the Petition for noncompliance with Section 542 of the Texas Insurance Code (the Prompt Payment Statute), because Plaintiff's vague and indefinite claims regarding Travelers' alleged violations of Section 542 are deficient.[5]  Plaintiff fails to give fair notice of the facts and circumstances supporting the alleged violation(s) of Section 542.  Plaintiff should be required to file an amended pleading that sets forth facts in support of Plaintiff's claim for Travelers' alleged violations of Section 542 of the Texas Insurance Code, and the damage claimed from such violations.

Further, Plaintiff alleges only generally that Travelers violated subparts of the DTPA and Texas Insurance Code, but fail to allege any facts predicating these claims.  Plaintiff should be required to file an amended pleading that sets forth the elements, facts, and evidence in support of her claims for Travelers' alleged DTPA and Insurance Code violations, and all related alleged damages.

## FIFTH SPECIAL EXCEPTION
### Plaintiff's Claim for Punitive or Exemplary Damages

Travelers specially excepts to Plaintiff's claim for an award of punitive or exemplary damages.  Plaintiff fails to give Travelers fair notice of what conduct allegedly entitles Plaintiff to a punitive or exemplary damage award.  Plaintiff should be required to re-plead and state with particularity the elements, facts, and evidence allegedly warranting the imposition of punitive or

---

[5] *Subia v. Texas Dept. of Human Services*, 750 S.W.2d 827, 829 (Tex. App. – El Paso, 1988, no writ) (allegations solely tracking statutory grounds did not give Defendant fair notice of facts and circumstances.

exemplary damages.[6]

## SIXTH SPECIAL EXCEPTION
### Plaintiff's Claims for Knowing and/or Intentional Conduct

Travelers specially excepts to Plaintiff's claims that Travelers acted knowingly and/or intentionally, as the term is used in the DTPA and Texas Insurance Code, because no facts were provided to give fair notice of Plaintiff's claims. Travelers requests that Plaintiff be required to file an amended pleading that sets forth each element and supporting facts for these claims of knowing and/or intentional conduct.

## SEVENTH SPECIAL EXCEPTION
### Plaintiff's Claim for Negligence, Gross Negligence and/or Negligent Misrepresentations

Travelers specially excepts to Plaintiff's Petition wherein Plaintiffs allege negligence, gross negligence and negligent misrepresentation against Travelers in the handling of her claim. Texas law does not recognize a cause of action for negligent claims handling.[7]

## IV.
## DEFENSES

## FIRST DEFENSE
### Failure to State a Claim

Plaintiff's causes of action are barred in whole or in part because Plaintiff fails to state a claim on which relief can be granted. Plaintiff fails to describe how Travelers' alleged breach of the insurance contract could be converted to support any other causes of action including but not limited to breach of the duty of good faith and fair dealing, or violations under the Texas Insurance Code or the Texas Deceptive Trade Practices Act by all Defendants.

---

[6] *See Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex. 1981) (in a suit to recover exemplary damages, Plaintiff must sufficiently allege allegations of misconduct warranting imposition of same).

[7] *Higginbotham v. State Farm Mutual Automobile Insurance Company,* 103 F.3d 456,460 (5th Cir. 1997); *Jimenez v. State Farm Lloyds,* 968 F.Supp. 330, 334 (W.D. Tex. 1997); *French v. State Farm Ins. Co.,* 156 F.R.D. 159 (S.D. Tex. 1994); *U.S.A.A. v. Pennington,* 810 S.W.2d 777, 783-84 (Tex.App. - San Antonio, 1991, writ denied).

**SECOND DEFENSE**
**Policy Provisions Limit or Preclude Coverage**

The insurance policy issued by Travelers includes exclusions and provisions that preclude or limit coverage in whole or in part.

**THIRD DEFENSE**
**_Bona Fide_ Controversy/Liability Not "Reasonably Clear"**

As to Plaintiff's extra-contractual claims alleging bad faith, a _bona fide_ controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits. Travelers has the right to value claims differently from those asserting claims under the policy without facing bad faith liability.  Travelers will show that a _bona fide_ controversy existed regarding the alleged covered loss.

**FOURTH DEFENSE**
**Due Process**

To the extent Plaintiff prays for punitive or exemplary damages, Travelers invokes its rights under the Due Process Clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. Travelers affirmatively pleads that Plaintiff's claim for punitive or exemplary damages violates the Due Process Clauses of the Fifth and Fourteenth Amendments inasmuch as:

1.  Punitive or exemplary damages can be assessed in an amount left to the discretion of the jury and judge;

2.  A jury award of punitive or exemplary damages need only be based on vote of ten jurors and does not require a unanimous verdict;

3.  To obtain an award of punitive or exemplary damages, Plaintiff needs to only prove the theory of gross negligence on a "preponderance of the evidence" standard and not to the "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

4.      Travelers, and its officers, do not have the right to refuse to testify against themselves, but must in fact take the stand and/or give deposition testimony or subject the company to the consequences of a default judgment;

5.      The assessment of punitive or exemplary damages is not based on a clearly defined statutory enactment setting forth a specific intentionality requirement or the specific prerequisites for such a finding and in effect, such damages can be awarded even though there are no special standards, limits or other statutory requirements to define the means and scope and limit of such awards, rendering such awards unduly vague and unsupportable under the requirements of due process; and

6.      In essence, Travelers is subject to all of the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal criminal fines, but Travelers receives none of the basic rights accorded to criminal defendants when they are subjected to possible criminal penalties.

**FIFTH DEFENSE**
**Equal Protection**

To the extent Plaintiff prays for punitive or exemplary damages, that request should be denied because it violates Travelers' equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, the provisions of the Eighth Amendment to the Constitution of the United States, and the Constitution of the State of Texas, Article I, Sections 13 and 19.

**SIXTH DEFENSE**
**Punitive Damage Limitation**

Any award of punitive or exemplary damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §§ 41.002-41.009.

8

**SEVENTH DEFENSE**
**Damage Limitation**

Plaintiff's contract damages, if any, are limited by the amount set forth in the limitations provisions of the applicable insurance policy.  Plaintiff's contract damages cannot exceed the applicable policy limits.

**EIGHTH DEFENSE**
**Absence of Policy Coverage Precludes Extra-Contractual Liability**

The existence of coverage for Plaintiff's insurance claim is necessary to establish any basis for Plaintiff's extra-contractual, DTPA and Insurance Code claims.  Because Plaintiff's allegations are generally based on Travelers' alleged failure to investigate the claim and pay policy benefits, the existence of any applicable exclusions, or the absence of coverage for any additional benefits under the Policy precludes Plaintiff's Insurance Code and all other extra-contractual claims against all Defendants.

**NINTH DEFENSE**
**Failure to Satisfy Conditions Precedent**

Plaintiff did not plead with specificity the performance or occurrence of all conditions precedent to recovery under the Policy.[8]  Travelers demands strict proof that each and every condition precedent was performed or has occurred.[9]

**TENTH DEFENSE**
**Credit and Offset**

In the unlikely event Plaintiff should prevail on any of its claims and be awarded any damages, Travelers expressly pleads for and is entitled to a credit and offset for all amounts previously paid to Plaintiff by Travelers or third parties.

---

8 *See* Tex. R. Civ. P. 54.
9 *See Grimm v. Grimm,* 864 S.W.2d 160, 162 (Tex. App.—Houston [14th Dist.] 1993, no writ).

### ELEVENTH DEFENSE
### Payments/Accord and Satisfaction

Alternatively, and without waiving the foregoing, Travelers affirmatively pleads the defenses of payment, and accord and satisfaction. Any previous payments to Plaintiff are a defense to Plaintiff's claims for damages. Any previous payments to Plaintiff are an accord and satisfaction of Plaintiff's damages to the extent of those payments.

### TWELFTH DEFENSE
### Reservation of Right to Appraisal

To the extent that Plaintiff presents evidence inconsistent with Travelers' investigation and conclusions regarding the amount of loss or cost of repair under the policy at issue, and the parties are unable to reach an agreement to resolve this matter, Travelers reserves, and does not waive, the right of any party to the insurance contract to invoke appraisal. The policy contains an appraisal clause allowing either party to invoke the appraisal process in the event that there is disagreement concerning the amount of loss for covered losses under the policy.

WHEREFORE, Defendant, Travelers Lloyds of Texas Insurance Company prays that on final trial and hearing, Plaintiff takes nothing, that Travelers recover its costs, fees, and expenses, and for such other and further relief to which Travelers may show itself justly entitled, both in law and at equity.

*(signature on following page)*

Respectfully submitted,

LUGENBUHL, WHEATON, PECK, RANKIN &
    HUBBARD, A LAW CORPORATION

/s/ Martin R. Sadler
Martin R. Sadler
msadler@lawla.com
Texas Bar No. 00788842
815 Walker Street, Suite 1447
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

ATTORNEYS FOR DEFENDANT,
TRAVELERS LLOYDS OF TEXAS
INSURANCE COMPANY

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of this pleading has been forwarded via electronic filing or facsimile to all counsel of record, on this the 3rd day of March, 2015 to:

Mr. Scott G. Hunziker
The Voss Law Firm
The Voss Law Center
26619 Interstate 45
The Woodlands, Texas 77380

/s/  Martin R. Sadler
Martin R. Sadler

11